**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRIDGETTE ROUSE,

    Plaintiff,

v.                                            Case No: 8:14-cv-2590-T-30EAJ

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Remand (Dkt. 8) and Defendant's Response (Dkt. 9). The Court, having reviewed the motion, response, memoranda, notice of removal, complaint, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On September 2, 2014, Plaintiff Bridgette Rouse filed suit against Defendant USAA Casualty Insurance Company ("USAA") in the Thirteenth Judicial District in Hillsborough County, Florida, asserting breach of contract under an insurance policy as well as entitlement to attorney's fees pursuant to Florida Statute § 627.428. On October 14, 2014, Defendant removed this action, alleging diversity jurisdiction under 28 U.S.C. § 1332. On November 11, 2014, Plaintiff filed this motion arguing that the case should be remanded because the amount in controversy is less than $75,000.

It is undisputed that the Plaintiff seeks damages in the amount of $72,660.53. Plaintiff also seeks attorney's fees pursuant to Florida Statute § 627.428. Defendant has offered affidavits supporting the assertion that attorney's fees would reach at least $24,000 during the litigation of this matter (assuming Plaintiff's counsel spends at least 60 hours at $400/hour in the pleading, discovery, review of documents, and motion practice).[1] Plaintiff has not offered affidavits in opposition. Rather, Plaintiff argues that attorney's fees should not be considered when determining whether the amount in controversy exceeds the jurisdictional requirement. The Court disagrees.

Under Florida law, the award of attorney's fees in an insured's action against an insurer, upon rendition of judgment, is statutory. *See* Fla. Stat. § 627.428(1) (providing that reasonable fees shall be awarded if there is a judgment "against the insurer and in favor of the insured or beneficiary"). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *See e.g. Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076–77 (11th Cir.2000)); *State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830, 832 (Fla. 1993) (finding that the terms of section 627.428 are an implicit part of every insurance policy).

---

[1] Dkt. 9-1, Affidavit of Matthew J. Haftel, Esq.

The Court concludes that USAA has established that reasonable attorney's fees in this case will at least exceed $2,339.47, rendering the amount in controversy in excess of $75,000.   Thus, the required jurisdictional amount under 28 U.S.C. § 1332 is satisfied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2590 remand.docx

3